BINGHAM McCUTCHEN LLP
TRENTON H. NORRIS (SBN 164781)
MONTY AGARWAL (SBN 191568)
RACHEL L. CHANIN (SBN 229253)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
trent.norris@bingham.com
monty.agarwal@bingham.com
rachel.chanin@bingham.com

Attorneys for Plaintiff
DECRU, INC.

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
KEVIN C. TROCK (SBN 161787)
TING-MAO CHAO (SBN 234909)
HAROLD H. DAVIS, JR. (SBN 235552)
55 Second St., Suite 1700
San Francisco, CA 94105
Telephone:  415.882.8200
Facsimile:  415.882.8220
kevin.trock@klgates.com
ting-mao.chao@klgates.com
harold.davis@klgates.com

Attorneys for Defendant
CYPHERIX SOFTWARE PVT LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DECRU, INC., a Delaware corporation,<br><br>    Plaintiff,<br>    v.<br><br>CYPHERIX SOFTWARE PVT. LTD., a foreign corporation; ISYSTEMS SERVICES LLC, a Texas corporation doing business as Kingwood Computer; and DOES 1 through 150, inclusive,<br><br>    Defendants. | No.  06-07490 MJJ<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |

Plaintiff Decru, Inc. ("Decru") and Defendants Cypherix Software Pvt. Ltd. ("Cypherix") and iSystems Services LLC ("iSystems"), by and through their respective counsel of record, hereby **STIPULATE AND AGREE** that the Court may enter the following order:

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c).

2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9   Outside Counsel:  attorneys who are not employees, or "in house" counsel, of a Party but who are attorneys of record retained to represent or advise a Party in this action.

2.10   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.11   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. Professional vendors includes a professional jury or trial consultant retained in this litigation.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each

page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the

level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

      6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g)    the author of the document or the original source of the information, or witnesses who have already received a copy of the Protected Material from the author of the document or the original source of the information as evident from the face of the material.

1    7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)    the Court and its personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)    the author of the document or the original source of the information, or witnesses who have already received a copy of the Protected Material from the author of the document or the original source of the information as evident from the face of the material.

7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a)    Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" first must identify to the Designating Party the full name of the Expert and provide a current copy of the Expert's curriculum vitae ("CV") and a copy of the Agreement to Be Bound by Protective Order" (Exhibit A) signed by the Expert.

(b)    A Party that makes a request and provides the information specified in the preceding paragraph must refrain from providing such material to the Expert for a period of five

1  (5) business days to permit the Designating Party to make a written objection to the disclosure.

2  Any such objection must set forth in detail the grounds on which it is based. If the Designating

3  Party fails to make a written objection within five business days, the Receiving Party may

4  disclose "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information or item to

5  its Expert.

6        (c)    A Party that receives a timely written objection must meet and confer with

7  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

8  agreement. If no agreement is reached, the Party opposing disclosure to the Expert may file a

9  motion, within three business days after the conclusion of the meet and confer, as provided in

10  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking an

11  order from the court barring such disclosure. Any such motion must describe the circumstances

12  with specificity, set forth in detail the reasons for which the disclosure to the Expert is not

13  reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

14  additional means that might be used to reduce that risk. In addition, any such motion must be

15  accompanied by a competent declaration in which the movant describes the parties' efforts to

16  resolve the matter by agreement (i.e., the extent and the content of the meet and confer

17  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

18  approve the disclosure.

19        In any such proceeding the Party opposing disclosure to the Expert shall bear the

20  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

21  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

22  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

23  

24        If a Receiving Party is served with a subpoena or an order issued in other

25  litigation that would compel disclosure of any information or items designated in this action as

26  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the

27  Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

28  immediately and in no event more than three court days after receiving the subpoena or order.

1   Such notification must include a copy of the subpoena or court order.

2         The Receiving Party also must immediately inform in writing the Party who
3   caused the subpoena or order to issue in the other litigation that some or all the material covered
4   by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party
5   must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action
6   that caused the subpoena or order to issue.

7         The purpose of imposing these duties is to alert the interested parties to the
8   existence of this Protective Order and to afford the Designating Party in this case an opportunity
9   to try to protect its confidentiality interests in the court from which the subpoena or order issued.
10  The Designating Party shall bear the burdens and the expenses of seeking protection in that court
11  of its confidential material and nothing in these provisions should be construed as authorizing or
12  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13  **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

14        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
15  Protected Material to any person or in any circumstance not authorized under this Stipulated
16  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating
17  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected
18  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all
19  the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment
20  and Agreement to Be Bound" that is attached hereto as Exhibit A.

21  **10.   FILING PROTECTED MATERIAL**

22        Without written permission from the Designating Party or a court order secured
23  after appropriate notice to all interested persons, a Party may not file in the public record in this
24  action any Protected Material.  A Party that seeks to file under seal any Protected Material must
25  comply with Civil Local Rule 79-5.

26  **11.   FINAL DISPOSITION**

27        Unless otherwise ordered or agreed in writing by the Producing Party, within
28  sixty (60) days after the final termination of this action, each Receiving Party must destroy or

1   return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected

2   Material" includes all copies, abstracts, compilations, summaries or any other form of

3   reproducing or capturing any of the Protected Material.  With permission in writing from the

4   Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

5   of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

6   must submit a written certification to the Producing Party (and, if not the same person or entity,

7   to the Designating Party) by the sixty day deadline that identifies (by category, where

8   appropriate) all the Protected Material that was returned or destroyed and that affirms that the

9   Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

10  of reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

11  Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers,

12  transcripts, legal memoranda, correspondence or attorney work product, even if such materials

13  contain Protected Material.  Any such archival copies that contain or constitute Protected

14  Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

15  **12.    PRIVILEGED DOCUMENTS**

16          If information subject to a claim of attorney-client privilege, attorney work

17  product or any other ground on which production of such information should not be made to any

18  party is nevertheless inadvertently produced to a party, such production shall in no way prejudice

19  or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or

20  other ground for withholding production to which the Producing Party would otherwise be

21  entitled.  If a claim of inadvertent production is made with respect to information then in the

22  custody of another party, such party shall promptly return the information to the claiming party

23  or person and the receiving party shall not use such information for any purpose other than in

24  connection with a motion to compel (which shall be filed under seal).  The party returning such

25  material may then move the Court for an Order compelling production of the material, which

26  shall be filed under seal, and said motion shall not assert as a ground for entering such an Order

27  the fact or circumstances of the inadvertent production.

28

**13.   MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD:

DATED:  October 10, 2007          BINGHAM McCUTCHEN LLP

                                  By: _____/s/ Monty Agarwal_____
                                           Monty Agarwal
                                        Attorneys for Plaintiff
                                             Decru, Inc.

DATED:  October 10, 2007          KIRKPATRICK & LOCKHART PRESTON
                                  GATES ELLIS LLP

                                  By: _____/s/ Kevin C. Trock_____
                                           Kevin C. Trock
                                       Attorneys for Defendant
                                       Cypherix Software Pvt Ltd.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATE _____10/16/07_____

_____
The Honorable Martin J. Jenkins
United States District Judge

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Decru, Inc. v. Cypherix Software Pvt Ltd., iSystems Services, LLC, et al.*, Case No. 06-7490 MJJ.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                   [printed name]

Signature:_____
                   [signature]

## ATTESTATION CLAUSE

I, Rachel L. Chanin, am the ECF User whose ID and password are being used to file this Joint Stipulation and Protective Order Re Confidential Information.  In compliance with General Order 45, X.B., I hereby attest that Kevin C. Trock has concurred in this filing.

DATED:  October 10, 2007                      BINGHAM McCUTCHEN LLP


By:     /s/ Rachel L. Chanin
        Rachel L. Chanin
        Attorneys for Plaintiff
        Decru, Inc.